IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 23-00074-KD-B |
| | * |
| GEORGE HAVARD, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Joel B. Attia, who is proceeding *pro se*, filed a "Complaint for a Civil Case" and a motion to proceed without prepayment of fees. (Docs. 1, 2). In an order dated March 23, 2023, the Court noted that Attia did not complete the motion to proceed without prepayment of fees form in its entirety; thus, Attia was directed to file a new motion to proceed without prepayment of fees no later than April 7, 2023. (Doc. 3). Subsequent thereto, Attia filed a motion to amend his complaint and a new motion to proceed without prepayment of fees. (Docs. 4, 5). Attia's complaint and motions have been referred to the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S).

Upon review of Attia's new motion to proceed without prepayment of fees (doc. 5), the undersigned **grants** the motion. Having reviewed Attia's complaint and motion to amend, the undersigned, for the reasons that follow, recommends that his

complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and that his motion to amend be denied as futile.

I.  **STANDARDS OF REVIEW**

Because Attia is proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. §1915(e)(2)(B). A claim may be dismissed under § 1915(e)(2)(B)(i)[1] as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim may be frivolous on either factual or legal grounds. Id. at 327. Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably, meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on violation of a legal right that does not exist, are legally frivolous. Id. at 327-28. When reviewing a complaint for factual frivolity, § 1915(e) accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. §1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under §1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

Moreover, a complaint may be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement" possess[ing] enough heft to "sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise

deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).
1997).

## II. DISCUSSION

The civil cover sheet of Attia's complaint lists the basis of jurisdiction as diversity, and the nature of suit as civil rights. (Doc. 1 at 1-1). In the "Citizenship of Principal Parties" section, Attia circled the box indicating that he, as plaintiff, is citizen of this State, but he did not circle anything regarding the citizenship of the Defendants. (Id.). In the section entitled "Cause of Action", Attia lists "human rights, ATA , cruele [sic] & unusual". (Id.).

In his form complaint, Attia names the following Defendants: (1) George Havard (sheriff), Lucedale, Mississippi; (2) Paul R'eally [sic], Moss Point, Mississippi; (3) Jerry Minchew, Moss Point, Mississippi; and (4) David Jackson, Grand Bay/Mobile,

4

Alabama. (Doc. 1 at 2-3). Attia alleges the existence of diversity of citizenship based on the following: "Plaintiff Joel Attia is a citizen of the State of Alabama", and "Defendant George Havard is a citizen of the State of Mississippi. (Id. at 3). In the section on the form requesting facts showing that the plaintiff is entitled to relief, Attia writes: "Sheriff George Havard arrested me in Sims[sic] Alabama To get vital international evedence [sic] of attempted murders & other things of evedence [sic]. I have had vital evedence stolen of a huge magnitude, I got beat, and my human rights were violated". (Id. at 4-5).

In an attachment to his form complaint, Attia asserts that at the time he was arrested, he was coming from Alabama, as opposed to George County, that he was not wanted in George County for anything, and that:

> "I had evedence on my phone for Israel and the United States against Nvidia Corp. I think Sheriff George Havard [and] David Jackson have me on a sight because of my genitals, almost for sure, well for sure, and they are making money without my knowledge I am followed at all times".

He further asserts that:

> "I was stopped to try to be set up, so he (Sheriff [and]David Jacksons workers = Paula Re'ally Ect) So they could gain access to my phone because I always take pictures and bag, and tag, and date, also put case 200 on it and for Israel."

> "Because I am also a citizen of Israel, my Dad is buried in Haifa Israel, so no one would mess with it, I am trying to help the United States. Nvidia Corp. has distributed for money, a product that can use light to

5

see through clothes, in houses, cars, and anywhere the people with black ops glasses or x-ray glasses that go strait to a computer. In a house they ut in a fuse, but it gives off an extreme low frequency that can kill humans-see computer extreme low frequency."

I was stopped because they wanted to hurt me, (but people were there saying things, and asking why Lucedale was in Alabama) they also as I said wanted to set me up and tried. A jailer handed me a white bottle, but pulled it back before I touched it, and said, I got meth, and his mouth is blue from eating Xanax, but they had fake Xanax, and I get Colonapin by perscription.

So they took me to jail, did not read me my rights, went through my car with non-police-Paul Re'ally=disabled felon works for David Jackson [and] George Havard=Steve Havard=who George Havard gave a badge to but is his illegitimate son, He is not a police-Jerry Minchew who also works for them, but not a police and Deliah Sayer, who also is not a police, and Randy Neil, yep=not a police, but went through all my evedence (sic) stealing and erasing most of it. Then, George Havard drove his car down the side of mine tearing it up, and then had it towed to Leaksville to try to cover it up. Please Help.

They said I had meth, but could not produce any because it was a lie, and as I said[,] they took me to jail jumped on me (six or seven) as the rest went through my car [and] phone[.]

I got out later and bonded out for fake Xanax planted on me, and when I came back for Court, they told me to go home, but I went and pressed charges on George Havard and he tore them up.

(Id. at 6-9).

Attia alleges that the amount in controversy in this case is "500 trillion, anything of value Land, houses, cows, use, whatever". (Id. at 4).

6

While Attia's claims appear to arise from a traffic stop, the complaint, as drafted, is replete with allegations many of which are rambling, confusing, and delusional. Neitzke, 490 U.S. at 328. As best the undersigned can discern, Attia is contending that the Sheriff and others follow him constantly, and conducted a traffic stop and arrested him because he had evidence on his phone for Israel and evidence against a company that is making a product that can use lights to see through clothes and in houses, and that gives off an extreme low frequency that can kill humans. He also attributes the traffic stop to his "genitals". Because Attia's allegations are factually frivolous as they describe fantastic or delusional scenarios, his complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Gary v. U.S. Govt't, 540 F. App'x 916, 918 (11th Cir. 2013)("We conclude from the record that the district court did not abuse its discretion in dismissing [the] complaint as frivolous, as a review of the complaint shows that her allegations were irrational and wholly incredible."); Hutchison v. Live Well Counseling, 2021 U.S. Dist. LEXIS 159382; 2021 WL 3714006)(N.D. Ga, July 26, 2021)(dismissing a plaintiff's complaint alleging that co-workers implanted him with a micro-robot and conspired to murder him).

Also pending before the Court is Attia's motion to add Defendants. (Doc. 4). In the motion, Attia lists a number of individuals and entities, such as a Tractor Supply store and the

7

wrecker service that towed his vehicle. Attia does not include specific allegations against the proposed Defendants, but instead asserts that he is seeking help to find out who is taking money from the "Joel B. Attia Fund", and to find out why people are following him everywhere he goes, and having the hospitals lie about his condition. (Doc. 4). Like the assertions in Attia's complaint, the allegations contained in his motion to amend are frivolous and nonsensical. Thus, his motion is due to be denied.

### III.    CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and that his motion to amend be denied as futile.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **June, 2023.**

                                              **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**